# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **RICHARD ASHTON** ) <br> 7733 Prospect Delaware Road ) <br> Prospect, Ohio 43342 ) <br>  ) <br> **Plaintiff,** ) <br>  ) <br> v. ) <br>  ) <br> **CADMAN POWER EQUIPMENT** ) <br> **ASSET CORP.** ) <br> 38 Main Street ) <br> Courland, ON, Canada N0J1E0 ) <br>  ) <br> and ) <br>  ) <br> **CADMAN POWER EQUIPMENT** ) <br> **LIIMITED** ) <br> 38 Main Street ) <br> Courland, ON, Canada N0J1E0 ) <br>  ) <br> and ) <br>  ) <br> **TRIPLE K IRRIGATION INC.** ) <br> 12930 Ingall Highway ) <br> Morenci, Michigan 49256 ) <br>  ) <br> **Defendants.** ) | **Civil Action No.:** <br><br> **Judge** <br><br> **Magistrate Judge** <br><br><br><br> **JURY TRIAL DEMANDED** |

1

## COMPLAINT

Plaintiff, Richard Ashton, by and through his counsel, David A. Goldstein Co., L.P.A., brings this Complaint for damages against Defendants and, in support thereof, states the following:

## STATEMENT OF THE PARTIES

1. Plaintiff is, and was, at all relevant times, a citizen and resident of Delaware County, Ohio.

2. Defendant Cadman Power Equipment Asset Corporation is incorporated in Ontario, Canada, and has its principal place of business in Ontario, Canada.

3. Defendant Cadman Power Equipment Limited is incorporated in Ontario, Canada, and has its principal place of business in Ontario, Canada.

4. Defendants Cadman Power Equipment Asset Corporation and Cadman Power Equipment Limited ("Cadman") doing business as Cadman Power Equipment is a promoter, seller, producer, manufacturer, supplier developer, and global distributor of irrigation and manure management systems and high-volume fluid transfer solutions.

5. Defendant Triple K Irrigation Incorporated ("Triple K") is incorporated in the State of Michigan and has its principal place of business in Michigan.

6. Triple K is a supplier of irrigation systems and manure distribution throughout the United States, including the State of Ohio.

## VENUE AND JURISDICTION

7. This Court has personal jurisdiction over Defendants in that the Plaintiff's causes of action against these Defendants arise from the Defendants' transaction of business in this State and/or their commission of tortious acts in this State as described herein.

8. This Court has diversity subject matter jurisdiction over this case pursuant to

28 U.S.C § 1332.

9. Venue is proper in the Southern District of Ohio pursuant to 28 U.S.C. § 1391 because the events or omissions giving rise to the Plaintiff's claims occurred in this district.

10. Defendants have and continue to conduct substantial business in the State of Ohio and in this District, distribute their product, receive substantial compensation and profits from sales of hose caddies in this District, and made material omissions and misrepresentations and breaches of warranties in this District, so as to subject them to *in personam* jurisdiction in this District.

## FACTS COMMON TO ALL CLAIMS

11. Plaintiff incorporates herein by reference the allegations in all prior paragraphs as if fully set forth herein.

12. In or around April of 2019, Plaintiff, on behalf of his business, Raw Handling LLC., purchased a new Cadman 6003 Hose Caddie ("Hose Caddie"), identified as model number 6003, serial number 2711706HC63 from Triple K. Plaintiff did not receive the Hose Caddie until November of 2019.

13. The Hose Caddie was a 3-point hitch hose caddy that could be attached to the front or the back of a tractor. It is a system designed to make hoses conveniently available for immediate use for the process of liquid manure application onto a field and transport to different locations.

14. At all times pertinent to this Complaint, Cadman was the manufacturer and/or supplier of Cadman 6003 Hose Caddie, identified as model number 6003. Cadman represented to the public, including Plaintiff, "Cadman engineer their hose caddies to be durable, reliable and simple to use, which has proven to be the case since the hose caddy line was first built in 2002".

15. At all times pertinent to this Complaint, Triple K was the supplier of Cadman 6003 Hose Caddie ("Hose Caddie"), identified as model number 6003.

16. At all times pertinent to this Complaint, Cadman was engaged in the design, formulation, production, creation, making, construction, assembly, rebuilding, sale, distribution, leasing, preparation, labeling, installation, repair, and/or maintenance of the Hose Caddie

17. Plaintiff owns Raw Handling LLC, which is in the business of manure application to farmlands. Raw Handling needed a hose caddie to assist with this process. Triple K, by and through its agents, made material representations to Plaintiff that the Cadman 6003 Hose Caddie would serve the business's needs.

18. Based upon the representations, in or around April of 2019, Plaintiff purchased the Cadman 6003 Hose Caddie, identified as model number 6003, from Triple K. Plaintiff received the Hose Caddie in November of 2019.

19. On November 11, 2020, Plaintiff was operating his tractor with the Hose Caddie attached to the front of the tractor with a hose around the reel when the Hose Caddie failed, resulting in it striking the ground and causing the tractor Plaintiff was operating to come to an abrupt stop.

20. As a result of Defendants' conduct, Plaintiff has suffered damages, including, without limitation: (a) the purchase price of the Hose Caddie, as Plaintiff would not have purchased the product had he been informed of the defect; (b) his failure to receive the benefit of his bargain; (c) damages to real and/or personal property; and (d) damages for personal injuries.

21. At all relevant times hereto, Plaintiff was using the Hose Caddie for its intended purpose.

22. Plaintiff purchased the Hose Caddie reasonably, believing it was properly designed and manufactured, free from defects, and safe for their intended use.

23. The Hose caddie suffers from a design and/or manufacturing defect that poses an unreasonable risk of injury during normal use.

## FIRST CAUSE OF ACTION –Defective Manufacture

24. Plaintiff incorporates herein by reference the allegations in all prior paragraphs as if fully set forth herein.

25. At all times pertinent to this Complaint, Cadman and Triple K participated in placing the Hose Caddie into the American stream of commerce.

26. At all times pertinent to this Complaint, contrary to O.R.C. §2307.74, Michigan law, and Canadian law through a retail sale by Triple K, the Hose Caddie was placed in the American stream of commerce by Defendants with defect in manufacture or construction because the Hose Caddie deviated in a material way from the design specifications, formula, or performance standards of the manufacturer, or deviated from otherwise identical units manufactured to the same design specifications, formula, or performance standards.

27. As a direct and proximate result of Defendants' defective manufacture of the Hose Caddie, on November 11, 2020, Plaintiff suffered injuries to his back and other parts of his body, causing physical pain, mental distress, anxiety, physical impairment, loss of enjoyment of life, and inability to perform ordinary activities.

28. As a direct and proximate result of his injuries, Plaintiff has incurred reasonable medical expenses for necessary services and will incur further such expenses into the indefinite future.

29. As a direct and proximate result of his disabling injuries, Plaintiff has lost income and will continue to lose income into the indefinite future.

### SECOND CAUSE OF ACTION –Defective Design

30. Plaintiff incorporates herein by reference the allegations in all prior paragraphs as if fully set forth herein.

31. At all times pertinent to this Complaint, contrary to O.R.C. §2307.75, Michigan law, and Canadian law the Hose Caddie was placed in the American stream of commerce by Defendants with defective design because foreseeable risks associated with its design exceeded the benefits of that design or because that design is more dangerous than an ordinary consumer would expect when used in an intended or reasonably foreseeable manner.

32. As a direct and proximate result of Defendants' defective manufacture of the Hose Caddie, on November 11, 2020, Plaintiff suffered injuries to his back and other parts of his body, causing physical pain, mental distress, anxiety, physical impairment, loss of enjoyment of life, and inability to perform ordinary activities.

33. As a direct and proximate result of his injuries, Plaintiff has incurred reasonable medical expenses for necessary services and will incur further such expenses into the indefinite future.

34. As a direct and proximate result of his disabling injuries, Plaintiff has lost income and will continue to lose income into the indefinite future.

### THIRD CAUSE OF ACTION –Failure to Warn

35. Plaintiff incorporates herein by reference the allegations in all prior paragraphs as if fully set forth herein.

36. At all times pertinent to this Complaint, contrary to O.R.C. §2307.76, Michigan law, and Canadian law, the Hose Caddie was placed into the American stream of commerce by Defendants with inadequate warnings and/or instructions before and/or after the initial sale of the Hose Caddie because Defendants' failed to perform reasonably by not recognizing the risks associated with the Hose Caddie and/or its component parts and thereupon failed to issue the type of warning or instructions which should reasonably have been provided for the Hose Caddie and/or its pertinent component parts.

37. As a direct and proximate result of Defendants inadequate warnings and/or instructions for the Hose Caddie, on November 11, 2020, Plaintiff suffered permanent injuries to his back and other parts of his body, causing physical pain, mental distress, anxiety, physical impairment, loss of enjoyment of life, and inability to perform ordinary activities.

38. As a direct and proximate result of his injuries, Plaintiff has incurred reasonable medical expenses for necessary services and will incur further such expenses into the indefinite future.

39. As a direct and proximate result of his disabling injuries, Plaintiff has lost income and will continue to lose income into the indefinite future.

**FOURTH CAUSE OF ACTION –Failure to Conform to Manufacturer's Representations**

40. Plaintiff incorporates herein by reference the allegations in all prior paragraphs as if fully set forth herein.

41. At all times pertinent to this Complaint, contrary to O.R.C. §2307.77, Michigan law, and Canadian law, the Hose Caddie as manufactured by Cadman did not conform, when it left the control of the manufacturer, to representations made by the manufacturer.

42. As a direct and proximate result of Defendants' failure to conform for the Hose Caddie, on November 11, 2020, Plaintiff suffered permanent injuries to his back and other parts of his body, causing physical pain, mental distress, anxiety, physical impairment, loss of enjoyment of life, and inability to perform ordinary activities.

43. As a direct and proximate result of his injuries, Plaintiff has incurred reasonable medical expenses for necessary services and will incur further such expenses into the indefinite future.

44. As a direct and proximate result of his disabling injuries, Plaintiff has lost income and will continue to lose income into the indefinite future.

### FIFTH CAUSE OF ACTION –Supplier Liability

45. Plaintiff incorporates herein by reference the allegations in all prior paragraphs as if fully set forth herein.

46. At all times pertinent to this Complaint, as supplier of the Hose Caddie, Defendants' are liable to Plaintiff under the provisions of O.R.C. §2307.78, Michigan law, and Canadian law which is incorporated herein by reference.

47. As a direct and proximate result of Defendants' statutory negligence and/or imputed liability, on November 11, 2020, Plaintiff suffered permanent injuries to his back and other parts of his body, causing physical pain, mental distress, anxiety, physical impairment, loss of enjoyment of life, and inability to perform ordinary activities.

48. As a direct and proximate result of his injuries, Plaintiff has incurred reasonable medical expenses for necessary services and will incur further such expenses into the indefinite future.

49. As a direct and proximate result of his disabling injuries, Plaintiff has lost income and will continue to lose income into the indefinite future.

### SIXTH CAUSE OF ACTION – Common Law Negligence

50. Plaintiff incorporates herein by reference the allegations in all prior paragraphs as if fully set forth herein.

51. At all times pertinent to this Complaint, Defendants negligently designed, manufactured, and/or failed to warn with regard to the Hose Caddie.

52. As a direct and proximate result of Defendants' negligent conduct, on November 11, 2020, Plaintiff suffered permanent injuries to his back and other parts of his body, causing physical pain, mental distress, anxiety, physical impairment, loss of enjoyment of life, and inability to perform ordinary activities.

53. As a direct and proximate result of his injuries, Plaintiff has incurred reasonable medical expenses for necessary services and will incur further such expenses into the indefinite future.

54. As a direct and proximate result of his disabling injuries, Plaintiff has lost income and will continue to lose income into the indefinite future.

### SEVENTH CAUSE OF ACTION – Common Law Breach of Implied Warranty

55. Plaintiff incorporates herein by reference the allegations in all prior paragraphs as if fully set forth herein.

56. As the manufacturer and seller of the Hose Caddie, Defendants breached an implied warranty to Plaintiff to provide a product of good and merchantable quality and fitness for its intended use.

57. As a direct and proximate result of Defendants' breach of its implied warranty with regard to the Hose Caddie, on November 11, 2020, Plaintiff suffered permanent injuries to his back and other parts of his body, causing physical pain, mental distress, anxiety, physical impairment, loss of enjoyment of life, and inability to perform ordinary activities.

58. As a direct and proximate result of his injuries, Plaintiff has incurred reasonable medical expenses for necessary services and will incur further such expenses into the indefinite future.

59. As a direct and proximate result of his disabling injuries, Plaintiff has lost income and will continue to lose income into the indefinite future.

WHEREFORE, Plaintiff demand judgment against Defendants in an amount greater than Seventy-Five Thousand Dollars ($75,000.00), plus interest, attorney fees, and costs.

Respectfully submitted,

/s/ David A. Goldstein
**DAVID A. GOLDSTEIN (0064461)**
**DAVID A. GOLDSTEIN CO., L.P.A.**
511 S. High Street, Suite 200
Columbus, Ohio 43215
(614) 222-1889
(614) 222-1899 (Fax)
dgoldstein@dgoldsteinlaw.com
Attorney for Plaintiff

## JURY DEMAND

Plaintiff demands a jury of at least eight (8) persons to hear the within causes of action.

<u>/s/ David A. Goldstein</u><br>
**DAVID A. GOLDSTEIN (0064461)**